## UNITED STATES  DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHRISTOPHER BARRILLEAUX,** | **CIVIL ACTION** |
| **Plaintiff** | |
| **VERSUS** | **NO. 12-1542** |
| **HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, et al.** | **SECTION "E"** |
| **Defendants** | |

### ORDER AND REASONS

The Court has pending before it Defendant Hartford Life and Accident Insurance Company's ("Hartford") motion for summary judgment.[1] The Court has reviewed the briefs, the record, the applicable law, and now issues this order and reasons granting the motion for summary judgment.

### BACKGROUND

Plaintiff Christopher Barrilleaux was employed by Defendant Sea Support Ventures, LLC.  Barrilleaux contends that, as part of the terms of his employment, he was entitled to long-term disability ("LTD") benefits pursuant to a Policy sponsored by Sea Support and administered by Hartford.  The parties agree that ERISA governs the LTD Policy.

The circumstances surrounding Barrilleaux's enrollment (or attempted enrollment) in the LTD Policy are at least obfuscated, if not genuinely disputed.  But the facts material to Hartford's motion for summary judgment are straightforward and undisputed.  After

---

[1]R. Doc. 39.

allegedly incurring a workplace injury, Barrilleaux made a claim to Hartford for LTD benefits under the Policy. Hartford denied that claim in written correspondence dated April 8, 2008.[2] Under the terms of the LTD Policy, Barrilleaux had a limited period of time to "appeal to [Hartford] for full and fair review."[3] Barrilleaux never appealed or otherwise requested any review of that April 8, 2008 denial of benefits. The Policy also required claimants to file suit within three years of "the time written Proof of Loss is required to be furnished."[4] In May 2012, Barrilleaux filed this lawsuit, alleging that Hartford breached the contract by failing to provide benefits owed under the LTD Policy.[5]

## STANDARD OF LAW

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991). If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden then shifts to the non-moving party to show that a genuine issue of material fact exists. *Id.* at 322-23. Once the burden has shifted, the non-moving party must direct the

---

[2]R. Doc. 39-2 at 9-11.

[3]R. Doc. 39-1 at 45-49.

[4]*Id.* at 26.

[5]R. Doc. 1-1 at 2.

2

Court's attention to something in the pleadings or other evidence in the record that sets forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist. *Id.* at 324.

If the dispositive issue is one on which the non-moving party will bear the burden of proof at trial, however, the moving party may satisfy its burden by simply pointing out that the evidence in the record is insufficient with respect to an essential element of the non-moving party's claim. *See Celotex*, 477 U.S. at 325. The nonmoving party must then respond, either by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party" or by coming forward with additional evidence. *Celotex*, 477 U.S. at 332-33 & 333 n.3.

"An issue is material if its resolution could affect the outcome of the action." *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005). When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing, Inc.*, 530 U.S. 133, 150-51 (2000). All reasonable inferences are drawn in favor of the non-moving party. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party, thus entitling the moving party to judgment as a matter of law. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

## ANALYSIS

Plaintiff seeks to recover from Hartford benefits allegedly due to him under the LTD

Policy; his claim is therefore brought pursuant to ERISA § 502(a)(1)(B), codified at 29 U.S.C. § 1132(a)(1)(B). *See McCall v. Burlington N./Santa Fe Co.*, 237 F.3d 506, 512 (5th Cir. 2000) ("When a beneficiary wants what was supposed to have been distributed under a plan, the appropriate remedy is a claim for denial of benefits under § 502(a)(1)(B) of ERISA rather than a fiduciary claim brought pursuant to § 502(a)(3)."). "ERISA § 502(a)(1)(B) does not specify a statute of limitations." *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 134 S. Ct. 604, 610 (2013). Therefore, courts generally "'apply the most closely analogous state of limitations under state law.'" *See Kennedy v. Elec. Pension Plan, IBEW No. 995*, 954 F.2d 1116, 1120 (5th Cir. 1992) (quoting *DelCostello v. Teamsters*, 462 U.S. 151, 158 (1983)); *see also Heimeshoff*, 130 S. Ct. at 609. But the LTD Policy at issue in this case contains a contractual limitations period requiring suit to be filed within "three years after the time written Proof of Loss is required to be furnished."[6] Reasonable contractual limitations periods for filing suit contained in an ERISA-governed policy are enforceable unless they are unreasonable or there is a controlling statute to the contrary. *See Heimeshoff*, 130 S. Ct. at 610. In *Heimeshoff*, the Supreme Court enforced an indistinguishable contractual three-year limitations period commencing from the time that proof of loss was due. *See id.* at 609-10.

It is undisputed on this record that Plaintiff filed suit more than four years after denial of benefits, rather than within three years from the time proof of loss was due, as required by the LTD Policy.[7] Therefore, Hartford asserts that it is entitled to summary judgment in its favor because Plaintiff failed to timely sue.

---

[6]R. Doc. 39-1 at 26.

[7]R. Doc. 39-4 at 10-13.

In response, Plaintiff has asserted various arguments at different stages of the briefing. Plaintiff first argument is that because the basis for denial of his claim was that he was not enrolled in the Policy, the terms of the Policy cannot bar this lawsuit.[8]  This is unpersuasive. Plaintiff completely fails to explain how it is possible to decouple his entitlement to payment under the LTD Policy from satisfaction of the Policy prerequisites to payment; he cannot have his cake and eat it too.

In supplemental briefing, Plaintiff urges the Court to apply Louisiana's ten-year prescriptive period for personal actions, relying on *Hall v. National Gypsum Co.*, 105 F.3d 225 (5th Cir. 1997) and *Kennedy v. Electricians Pension Plan, IBEW No. 995*, 954 F.2d 1116 (5th Cir. 1992).[9]  But *Hall* and *Kennedy* did not address the issue in this case: the enforceability of a *contractual* limitation period which fills the gap left by ERISA for § 502(a)(1) claims. *Hall* and *Kennedy* did not address a contractual limitation period at all, let alone hold that Louisiana's ten-year prescriptive period for personal actions is a "controlling statute to the contrary" prohibiting parties from contracting to a different statute of limitations for ERISA benefits claims. To the contrary, Louisiana permits parties to reduce a prescriptive period by contract. *See* 6 Saul Litvinoff, *La. Civ. Law Treatise* § 11.22 ("Louisiana courts have quite often asserted that parties may agree to a prescriptive period shorter than the one provided by law."). And Plaintiff has not referred the Court to any other "controlling statute to the contrary." Thus, *Hall* and *Kennedy* are not relevant to the dispositive issue in this case.

Plaintiff also apparently argues that the April 8, 2008 denial letter was not a denial

---

[8]R. Doc. 58-1 at 8.

[9]R. Doc. 108 at 17-19.

of benefits, and therefore his lawsuit is somehow timely.  Although a cause of action generally accrues when benefits are denied, a contractual provision that commences the limitations period even before accrual of a cause of action, as the Policy did in this case, is enforceable.  *See Heimeshoff*, 134 S. Ct. at 610-11.  Thus, Plaintiff was required under the terms of the Policy to file suit within three years from when proof of loss was due.  He has presented no summary judgment evidence or argument that he complied with that requirement.  Hartford is therefore entitled to summary judgment.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Hartford's motion for summary judgment is **GRANTED** and Plaintiff's claims against Defendant Hartford are **DISMISSED WITH PREJUDICE**.  **IT IS FURTHER ORDERED** that Hartford's motion in limine[10] is **MOOT**.

New Orleans, Louisiana, this 29th day of July, 2014.

_____
SUSIE MORGAN
UNITED STATES DISTRICT JUDGE

---

[10]      R. Doc. 51.