# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHRISTOPHER BARRILLEAUX,** | **CIVIL ACTION** |
|    Plaintiff | |
| **VERSUS** | **NO. 12-1542** |
| **HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, et al.** | **SECTION "E"** |
|    Defendants | |

## ORDER AND REASONS

The Court has pending before it Defendant Sea Support Ventures, LLC's ("Sea Support") motion for summary judgment.[1] The Court has reviewed the briefs,[2] the record, the applicable law, and now issues this order and reasons granting the motion for summary judgment.

## BACKGROUND

Plaintiff Christopher Barrileaux was employed by Defendant Sea Support Ventures, LLC. Barrileaux contends that, as part of the terms of his employment, he was entitled to long-term disability ("LTD") benefits pursuant to a Policy sponsored by Sea Support and administered by Defendant Hartford. The parties agree that ERISA governs the LTD Policy.

The circumstances surrounding Barrilleaux's enrollment (or attempted) enrollment in the LTD Policy are at least obfuscated, if not genuinely disputed. But the facts material

---

[1] R. Doc. 48.

[2] R. Docs. 57, 68, 109, 115.

to Sea Support's motion for summary judgment are not subject to serious dispute.

Plaintiff began employment with Sea Support in September 2005.[3] Pursuant to unambiguous terms of the Policy, he became eligible to enroll for benefits under the LTD Policy on October 1, 2006.[4] For thirty-one days after becoming eligible, Plaintiff could have enrolled without providing any evidence of insurability; after that thirty-one day window expired, Plaintiff was required to provide evidence of insurability to enroll for LTD benefits.[5] It is undisputed that Plaintiff did not enroll, or was not enrolled, for LTD benefits in the thirty-one day window following eligibility. There is no record evidence suggesting that Plaintiff ever submitted evidence of insurability.

Plaintiff allegedly became disabled as a result of a workplace injury in March 2007.[6] He filed a personal injury lawsuit in state court against Sea Support on or about July 26, 2007.[7] At some point Plaintiff made a claim to Hartford for benefits under the LTD Policy, which Hartford denied in written correspondence dated April 8, 2008 on the basis that he was not enrolled in the Policy and had not provided evidence of insurability.[8]

In October 2010, Plaintiff lost his state-court negligence lawsuit against Sea Support.[9] In May 2012, he filed this lawsuit, alleging that Sea Support breached a fiduciary

---

[3] R. Doc. 48-7 at 8.

[4] R. Doc. 48-8 at 16.

[5] *Id.* at 17-18.

[6] R. Doc. 48-7 at 23.

[7] R. Doc. 48-3.

[8] R. Doc. 48-6.

[9] R. Doc. 48-5.

2

duty or a contractual obligation by failing to enroll him in the LTD Policy when he became eligible.[10] Defendants removed to this Court. Plaintiff has since amended his complaint to invoke ERISA and supplement his allegations.[11]

Sea Support now moves for summary judgment, contending (1) res judicata based on the resolution of Plaintiff's previous lawsuit bars all claims against Sea Support; (2) Sea Support is not liable to Plaintiff as an ERISA fiduciary for failing to enroll him in the LTD Policy; and (3) ERISA preempts Plaintiff's state-law claims for breach of contract based on the failure to enroll him in the LTD Policy.

## STANDARD OF LAW

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991). If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden then shifts to the non-moving party to show that a genuine issue of material fact exists. *Id.* at 322-23. Once the burden has shifted, the non-moving party must direct the Court's attention to something in the pleadings or other evidence in the record that sets forth specific facts sufficient to establish that a genuine issue of material fact does indeed

---

[10] R. Doc. 1-1 at 2.

[11] R. Docs. 17, 102.

exist. *Id.* at 324.

If the dispositive issue is one on which the non-moving party will bear the burden of proof at trial, however, the moving party may satisfy its burden by simply pointing out that the evidence in the record is insufficient with respect to an essential element of the non-moving party's claim. *See Celotex*, 477 U.S. at 325. The nonmoving party must then respond, either by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party" or by coming forward with additional evidence. *Celotex*, 477 U.S. at 332-33 & 333 n.3.

"An issue is material if its resolution could affect the outcome of the action." *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005). When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing, Inc.*, 530 U.S. 133, 150-51 (2000). All reasonable inferences are drawn in favor of the non-moving party. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party, thus entitling the moving party to judgment as a matter of law. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

## ANALYSIS

### A.   Res Judicata

"For res judicata to apply, the following four-part test must be satisfied: (1) the parties must be either identical or in privity; (2) the judgment in the prior action must have

been rendered by a court of competent jurisdiction; (3) the prior action must have been concluded to a final judgment on the merits; and (4) the same claim or cause of action must have been involved in both actions." *See United States v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007) (internal quotation marks and alterations omitted). Two suits involve "the same claim or cause of action" if they are "based on the same nucleus of operative facts." *See id.* (internal quotation marks omitted).

Res judicata does not apply here. The first lawsuit was a personal injury suit; the nucleus of operative facts relevant to that case was whether Sea Support's negligence caused a personal injury to Plaintiff. This lawsuit is an ERISA/contract suit; the nucleus of operative facts revolves around the circumstances of Plaintiff's employment contract and his enrollment (or attempted enrollment) in the LTD Benefits Policy. There might be some overlap between the quantum of damages Plaintiff would be entitled to under either theory, but the two lawsuits are legally and factually distinct and do not arise out of "a single wrongful invasion of a single primary right of the plaintiff, namely, the right of bodily safety." *See Baltimore S.S. Co. v. Phillips*, 274 U.S. 316, 321 (1927). Summary judgment on the basis of res judicata is denied.

**B.     Sea Support's Status as a Fiduciary**

Plaintiff alleges that Sea Support was a fiduciary with respect to enrolling him in the LTD Policy and breached its duty. ERISA § 502(a)(3) "authorizes lawsuits for individualized equitable relief for breach of fiduciary obligations." *Radford v. Gen. Dynamics Corp.*, 151 F.3d 396, 398-99 (5th Cir. 1998).[12] The question, then, is whether Sea

---

[12] "A civil action may be brought . . . by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms

Support was a fiduciary with respect to enrolling him in the LTD Policy. ERISA requires a plan to "provide for one or more named fiduciaries who jointly or severally shall have authority to control and manage the operation and administration of the plan." 29 U.S.C. § 1102(a)(1). A "named fiduciary" is a fiduciary named in the plan instrument itself. *Id.* at § 11021(a)(2). Hartford, not Sea Support, is identified as "the claims fiduciary for benefits provided under the Policy" and granted "full discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions of the Policy."[13] Thus, Sea Support is not liable as a named fiduciary.

"'[A]nyone else who exercises discretionary control or authority over the plan's management, administration, or assets'" is also a fiduciary. *White v. HCA, Inc.*, 240 F. Supp. 2d 600, 603 (E.D. La. 2002) (quoting *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 251 (1993). But "[a]n ERISA fiduciary for one purpose is not necessarily a fiduciary for other purposes." *See Kirschbaum v. Reliant Energy, Inc.*, 526 F.3d 243, 251 (5th Cir. 2008). Sea Support contends that it had no other "discretionary control or authority over the plan's management, administration, or assets" at all, and certainly not with respect to anything having to do with interpreting the terms of the Policy or eligibility for benefits.[14]

In response, Plaintiff contends that Sea Support "wore many hats" with respect to the LTD Policy and therefore is liable as a fiduciary because its breach resulted in the denial

---

of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3).

[13] R. Doc. 39-1 at 43, 45.

[14] R. Doc. 48-1 at 10-12.

of Plaintiff's LTD benefits.[15] But Plaintiff fails to explain how any of these "hats" gave Sea Support discretionary control over any matter relevant to the issues in this lawsuit or made Sea Support a fiduciary with respect to enrolling Plaintiff in the LTD Policy. For example, Sea Support's status as the employer, policyholder, sponsor, and agent for service of legal process have no apparent connection to any discretionary control over the Policy or enrollment therein. And although Sea Support is named as the Plan Administrator, an "administrator" is still only a fiduciary "to the extent that he exercises any discretionary authority or control." *See Estate of Bratton v. Nat'l Union Fire. Ins. Co. of Pittsburgh*, 215 F.3d 516, 521 (5th Cir. 2000). Sea Support's discretion as Plan Administrator "to terminate, suspend, withdraw, reduce, amend or modify the Plan" as a matter of law does not make it a fiduciary. *See Kirschbaum*, 526 F.3d at 251. Thus, Plaintiff has not pointed to any "hat" worn by Sea Support which made it a fiduciary in any sense pertaining to Plaintiff's claim regarding his ineligibility for benefits under the LTD Policy.

Plaintiff also relies on *Kenseth v. Dean Health Plan, Inc.*, 610 F.3d 452 (7th Cir. 2010), apparently to contend that Sea Support can be liable for failing to train customer service representatives, such as the Sea Support employee who was purportedly responsible for enrolling him in LTD Benefits.[16] But the liable fiduciary in *Kenseth* was a named fiduciary responsible for granting or denying claims. *See* 610 F.3d at 462. Here, Sea Support was not a claims fiduciary and had no other discretion or control over the plan giving rise to any fiduciary liability to Plaintiff with respect to enrollment for or denial of

---

[15]   R. Docs. 57-1 at 10-11; 109 at 3-5.

[16]   R. Doc. 109 at 5.

LTD benefits.[17] Thus, Sea Support's motion is granted with respect to Plaintiff's claims that Sea Support breached a fiduciary duty by failing to enroll Plaintiff in the LTD Policy.

## C.     ERISA Preemption

Subject to exceptions not relevant here, ERISA "supersede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." *See* 29 U.S.C. §1144(a).  "The language of the ERISA preemption clause is deliberately expansive, and has been construed broadly by federal courts." *Hubbard v. Blue Cross & Blue Shield Ass'n*, 42 F.3d 942, 945 (5th Cir. 1995).  "A state cause of action relates to an employee benefit plan whenever it has a connection with or reference to such a plan." *Id.* (internal quotation marks omitted).  Thus, a state-law cause of action is barred "if (1) the state law claim addresses an area of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) the claim directly affects the relationship between the traditional ERISA entities—the employer, the plan and its fiduciaries, and the participants and beneficiaries." *Id.*

Sea Support contends that ERISA preempts Plaintiff's claim for breach of a promise of LTD benefits.  It cites *Cefalu v. B.F. Goodrich Co.*, in which the Fifth Circuit concluded that ERISA preempted a claim that an employer misrepresented the quantum of retirement

---

[17]     Plaintiff suggests in his final supplemental brief that Sea Support employee Ginger Curole "was responsible for enrolling plaintiff . . . for long-term disability insurance or filling out an enrollment form."  R. Doc. 109 at 5.  Even accepting that factual assertion as true, Plaintiff fails to explain how Ms. Curole was acting in a *fiduciary* capacity by completing and submitting a form on his behalf.  Hartford, not Sea Support, was the sole fiduciary with respect to interpreting the LTD Policy, including enrollment procedures. Even if "personnel [of the employer] routinely assume responsibility" for assisting participants and beneficiaries, that mere "performance of mechanical administrative tasks" does not create a fiduciary duty.  *See White*, 240 F. Supp. 2d at 603.

8

benefits a plaintiff would receive because "[t]o compute these damages, the Court must refer to the pension plan under which [plaintiff] was covered when he worked for Goodrich." *See* 871 F.2d 1290, 1294 (5th Cir. 1989). The Fifth Circuit has since cast some doubt on the breadth of that statement. *See Rozzell v. Security Servs., Inc.*, 38 F.3d 819, 822 (5th Cir. 1994) (referring to the holding as dicta). But the Fifth Circuit has also continued to cite *Cefalu* for the proposition that "a state-law claim by an ERISA plan participant against her employer is preempted when based upon a denial of benefits under the defendant's ERISA plan." *See Smith v. Tex. Children's Hosp.*, 84 F.3d 152, 155 (5th Cir. 1996).

In response, Plaintiff contends that his state-law contract claim is not preempted because it arises out of an employment contract between himself and Sea Support, and therefore does implicate an ERISA plan.[18] Plaintiff did not supplement this contention in later briefing, nor has he cited any case finding an analogous claim against an employer for promised LTD benefits not to be preempted.[19]

Plaintiff does not overcome the inescapable fact that his state-law breach of employment contract claim "relates" to the LTD Policy. Plaintiff is pursuing benefits under the LTD Policy denied because Sea Support breached a purported promise to enroll him. Therefore, his measure of damages must be computed under the Policy, which strongly suggests a relationship between the claim and ERISA, regardless of the continuing vitality of *Cefalu*. Moreover, the crux of Plaintiff's claim is that Sea Support should have but failed

---

[18] R. Doc. 57-1 at 12-13.

[19] R. Doc. 109 at 6.

to enroll him for benefits under the Policy when he became eligible;[20] therefore, the merits of his claim will require the Court to interpret the enrollment provisions of the Policy. Plainly, his claim addresses his right to receive benefits under the LTD Policy, an area of exclusive federal concern, and directly affects the relationship between himself, Sea Support, and Hartford, the traditional ERISA entities. *See Hubbard*, 42 F.3d at 945; *Smith*, 84 F.3d at 155. Thus, the breach of contract claim relates to ERISA and is preempted. Sea Support's motion for summary judgment as to any and all state-law claims is granted.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Sea Support's motion for summary judgment is **GRANTED**. Plaintiff's claims against Sea Support under ERISA and state law for benefits under the LTD Policy are **DISMISSED WITH PREJUDICE**. Plaintiff's claim that Sea Support breached a different fiduciary duty by failing to provide him with a copy of the LTD Policy, is the subject of a separate pending motion for partial summary judgment[21] and remains at issue.

New Orleans, Louisiana, this 29th day of July, 2014.

_____
SUSIE MORGAN
UNITED STATES DISTRICT JUDGE

---

[20] R. Doc. 102 at 4.

[21] R. Doc. 116.