UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHRISTOPHER BARRILLEAUX,** | **CIVIL ACTION** |
|    Plaintiff | |
| **VERSUS** | **NO. 12-1542** |
| **HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, et al.** | **SECTION "E"** |
|    Defendants | |

## ORDER AND REASONS

The Court has pending before it Defendant Sea Support Ventures, LLC's ("Sea Support") motion for partial summary judgment[1] and Plaintiff Christopher Barrilleaux's motion for leave to file a response.[2] The motion for leave to file a response is **GRANTED**. Having has reviewed the briefs, the record, the applicable law, the Court now issues this order and reasons granting the motion for partial summary judgment.

## BACKGROUND

Plaintiff Christopher Barrilleaux was employed by Defendant Sea Support Ventures, LLC. Barrilleaux contends that, as part of the terms of his employment, he was entitled to long-term disability ("LTD") benefits pursuant to a Policy sponsored by Sea Support and administered by Defendant Hartford. The parties agree that ERISA governs the LTD Policy.

The circumstances surrounding Barrilleaux's enrollment (or attempted) enrollment

---

[1] R. Doc. 116.

[2] R. Doc. 131.

in the LTD Policy are set out at greater length in other orders. For the purposes of deciding this partial summary judgment motion, it is enough to note that the parties dispute whether Sea Support ever gave Plaintiff a copy of the LTD Policy.

Plaintiff allegedly became disabled as a result of a workplace injury in March 2007.[3] He filed a personal injury lawsuit in state court against Sea Support on or about July 26, 2007.[4] At some point Plaintiff made a claim to Hartford for benefits under the LTD Policy. In a letter dated March 18, 2008, Hartford requested information from Plaintiff and informed him to "Please read your insurance booklet, and if you have questions or concerns, please call us. If you do not have an insurance booklet, please obtain one from your employer. It is important that you understand your Long Term Disability (LTD) coverage."[5] In a letter dated April 8, 2008, Hartford denied LTD benefits on the basis that Plaintiff was not enrolled in the Policy and had not provided evidence of insurability.[6] Plaintiff denies receiving the April 8, 2008 letter from Hartford, but he is silent with respect to the March 18, 2008 letter.[7] Nonetheless, it is undisputed that Hartford denied LTD benefits because Plaintiff did not enroll for the benefits, either within the thirty-one day window following eligibility, thereafter by submitting evidence of insurability.

In October 2010, Plaintiff lost his state-court negligence lawsuit against Sea

---

[3]   R. Doc. 48-7 at 23.

[4]   R. Doc. 48-3.

[5]   R. Doc. 116-2 at 2.

[6]   R. Doc. 48-6.

[7]   R. Doc. 131-5.

Support.[8]  In May 2012, he filed this lawsuit.  In his amended pleadings, he alleges that Sea Support breached a fiduciary duty by failing to provide him with a copy of the LTD Policy.[9]

Sea Support now moves for partial summary judgment, contending that Plaintiff's claim for breach of fiduciary duty predicated on the failure to provide a copy of the LTD Policy is barred by the applicable statute of limitations.  Plaintiff contends that there is a fact question as to when he had actual knowledge of that breach.

## STANDARD OF LAW

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"  *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991).  If the moving party fails to carry this burden, the motion must be denied.  If the moving party successfully carries this burden, the burden then shifts to the non-moving party to show that a genuine issue of material fact exists.  *Id.* at 322-23.  Once the burden has shifted, the non-moving party must direct the Court's attention to something in the pleadings or other evidence in the record that sets forth specific facts sufficient to establish that a genuine issue of material fact does indeed

---

[8]   R. Doc. 48-5.

[9]   R. Doc. 102 at 5.  In that pleading, Plaintiff asserts "On March 25, 2011, more than four years after the Plaintiff's injury, the Plaintiff was furnished a copy of the Plan documents for the first time."  This is more than three years after he was instructed by Hartford in the March 18, 2008 letter to request a copy from his employer.  Moreover, Plaintiff submitted no summary judgment evidence supporting this allegation.

exist.  *Id.* at 324.

If the dispositive issue is one on which the non-moving party will bear the burden of proof at trial, however, the moving party may satisfy its burden by simply pointing out that the evidence in the record is insufficient with respect to an essential element of the non-moving party's claim.  *See Celotex*, 477 U.S. at 325.  The nonmoving party must then respond, either by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party" or by coming forward with additional evidence.  *Celotex*, 477 U.S. at 332-33 & 333 n.3.

"An issue is material if its resolution could affect the outcome of the action." *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).  When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing, Inc.*, 530 U.S. 133, 150-51 (2000).  All reasonable inferences are drawn in favor of the non-moving party.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party, thus entitling the moving party to judgment as a matter of law.  *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

## ANALYSIS

An ERISA suit "with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part, or with respect to a violation of this part" must be filed before "the earlier of—(1) six years after (A) the date of the last action which constituted a part of

the breach or violation, or (B) in the case of an omission the latest date on which the fiduciary could have cured the breach or violation, or (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation; except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation." 29 U.S.C. § 1113.[10]  In the Fifth Circuit, "actual knowledge of the breach or violation" means knowledge "not only of the events constituting the breach, but also that those events supported a claim for breach of fiduciary duty or violation under ERISA." *Babcock v. Hartmax Corp.*, 182 F.3d 336, 339 (5th Cir. 1999) (internal quotation marks omitted).

Sea Support contends that the March 18, 2008 Hartford letter informed Plaintiff that he should request a copy of the LTD Policy, and that the April 8, 2008 Hartford letter informed Plaintiff that his claim for LTD benefits was denied.  According to Sea Support, this established actual knowledge of the failure to provide a copy of the Policy as well as the consequences of that breach no later than April 8, 2008, more than four years before he filed this lawsuit.  Therefore, Sea Support moves to dismiss the claim as prescribed under § 1113(2).

In opposition, Plaintiff contends that he needs additional discovery from Sea Support to assert possible defenses "based upon discovery documents contained in the plaintiff's personnel files and other related corporate documents that the defendant has failed to produce."[11]  He also submits an affidavit denying that he received Hartford's April

---

[10]    Plaintiff does not suggest any "fraud or concealment" on the part of Sea Support.

[11]    R. Doc. 131-4 at 4.

8, 2008 denial of benefits letter "by mail at his residence or by any other means."[12]

The Court has reviewed the parties' arguments and summary judgment evidence. Although Plaintiff denies receiving the April 8, 2008 letter from Hartford, he does not deny receiving the March 18, 2008 later instructing him to request a copy of the LTD Policy from Sea Support if he did not already have one. And the summary judgment evidence submitted with a prior motion strongly suggests that Plaintiff, on advice of former counsel, deliberately forewent pursuing benefits under the LTD Policy while his personal injury lawsuit was pending.[13] It strains credulity to suggest that Plaintiff received the March 18, 2008 Hartford letter and then went over a year without receiving LTD benefits or following up, all while represented by counsel, without having actual knowledge of the alleged breach by Sea Support. This is the case whether or not he received the April 8, 2008 Hartford letter expressly denying benefits.

Moreover, although Plaintiff denies having actual knowledge of his claim against Sea Support for breach of the duty to provide a copy of the Policy as of April 8, 2008, he provides nothing to suggest when he *did* have actual knowledge of the claim. *See Babcock*, 182 F.3d at 340 (finding breach of fiduciary duty claim time-barred because plaintiffs "fail[ed] to point to any material information related to [their] claims that they learned after" the events the defendant contended established actual knowledge). And although Plaintiff insists that he needs additional discovery, he does not do so with sufficiently "specified reasons," *see* Fed. R. Civ. P. 56(d), nor does he explain how he needs materials in Sea Support's possession to establish when *he* had actual knowledge of the breach. In

---

[12] R. Doc. 131-5 at 1.

[13] R. Doc. 69-1 at 4-5.

short, "[e]ven under this permissive definition of actual knowledge," *Babcock*, 182 F.3d at 339, it cannot be genuinely disputed that Plaintiff had actual knowledge of this claim against Sea Support more than three years before he filed suit on May 10, 2012. The claim is time-barred.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Sea Support's motion for partial summary judgment is **GRANTED**. Plaintiff's claim against Sea Support based on a breach of a fiduciary duty to provide him with a copy of the LTD Policy is **DISMISSED WITH PREJUDICE**. The Court has previously dismissed all of Plaintiff's other claims against Defendants Sea Support and Hartford.[14] Accordingly, the Court will issue a final judgment in favor of Sea Support and Hartford dismissing all of Plaintiff's claims with prejudice.

New Orleans, Louisiana, this 13th day of August, 2014.

_____
SUSIE MORGAN
UNITED STATES DISTRICT JUDGE

---

[14] R. Docs. 124, 125.